Our last case for argument this morning is 2009-1242, FORT PROPERTIES v. AMERICAN MASTER. Mr. Falk, whenever you're ready. I'm ready, Your Honor. Thank you, Donald Falk, for appellant to American Master Lease. Section 101 implements the constitutional authority to promote progress in the science and the useful arts in very broad terms. It permits the patenting of any new and useful process, as well as new and useful inventions that fall within the other three independently sufficient categories of patentable subject matter. And just as with those other categories, a process is patentable only if it meets the demanding conditions set out elsewhere in the patent act, including novelty, non-obviousness, and many more, unless, for a process, it falls within three non-statutory exceptions that would deprive the patentee of the right to establish that, in fact, the invention was novel and non-obvious, which is what we're asking for here. The district court held that the exception for abstract ideas applied here, but the 788 patent does not claim an abstract idea. It does not hinge on an exercise of mental judgment or a mental comparison of data. It certainly can't be performed entirely in the human mind. In fact, the mental activity, for the most part, occurred in devising the invention and not in its performance. Can you be a little more specific about that? I mean, is there a distinction here between Bilski or others that there's a physical deed that's at the heart of this claim? Is that what you're arguing? I didn't see you arguing below, at least, that it's because there's a computer added on to certain of these claims, or it meets the machine transformation test because of the computer. So can you just be a little more specific? Well, yeah, I'll be very specific, and what we're arguing here really goes to the core abstract idea analysis set out in Bilski, which I think is informed by many of the characteristics that are met here that we think satisfy the transformation test, if not the machine test as well. But certainly the clues there reinforce the fundamental characteristics of this process that take it out of the abstract bucket and put it into the patentable bucket because this is not an idea. There are steps, and yes, the deed is a very important part of it. In fact, what differentiates this from many other sorts of method patents in the business and financial world where it's sort of a broad strategy of some kind that may or may not be performed through physical activity or leaving behind any physical trace is that every step, once you enter this course, every step has to have, the inventive steps, have to have physical evidence. They have to be performed in the physical world by the very nature of the narrowness of these claims because it has to take place in real property, in a real property context, because it has to involve a deed, because it has to involve encumbrances. Every step has to have that physical evidence, and you have an end product, which is a tradable article of commerce, which not only is tangible, but it gives you the history, unlike a lot of processes where there are complicated questions of reverse engineering. I don't remember the record in Bilski, but don't we have to assume that the whole hedging involved in Bilski also implicated some sort of record in terms of what was happening? So if you accept that, then what's the difference between you listed here, and it implicates real property, and you refer to the deed. I mean, how is that different? I mean, presumably in the hedging system, there were equivalent sort of tangible objects implicated in the claims, no? Well, they were distantly implicated and not claimed, and here the claim is limited in that way, and it's not just implicated. This isn't some kind of record-keeping of a process that's going on. The very process itself consists of these physical acts that the process has no meaning and cannot be executed without writing down these terms, encumbering the property, which means writing it down and recording it. It is intrinsic to the process. It's not post-solution activity. Excuse me if I want to interrupt, but the recording part of it, I thought there was some dispute in the briefs actually as to whether or not there's recorded. So can you just point me out where the recording is? There are long-established doctrines, and we cited some cases in our brief that say when something is common knowledge, as it is here, how you perform certain activities, certainly to people within the banking and investment arts, and in fact for anyone that owns real property, those assumed aspects of the performance don't have to be separately claimed, and the deed, of course, is separately claimed. The recordation underscores certain of the advantages of this type of claim. It certainly makes it more clearly public, but it's already tangible by the very creation of the deed. And so the recordation is not necessary to find that this is not an abstract idea, but I think it is necessarily subsumed into the explanation of the process here. The district court here wrote its order, its decision, exclusively, as I understand it, based on timing, on our Bilski decision, and it didn't have the benefit of the Supreme Court's modification of our decision. Is there anything in the Supreme Court's modification that you believe results in there should be a reason for a different result here? Oh, absolutely. I think that's what we're... But precisely what is it? Because the Supreme Court didn't redefine the transformation or machine test in Bilski. It just suggested that may not be the exclusive test. So is there another test that you think we should apply that would clearly demonstrate that these fall on one side of the patentability spectrum or the other? Well, I think the important characteristics here that bring it outside the realm of abstract ideas, even if you reject that the involvement of the deed meets transformation, the critical inquiry is whether the process is abstract and has some rooting in the physical world. Well, did the Supreme Court suggest if a process has some rooting in the physical world, it's therefore patentable subject matter in Bilski? I don't remember language anything like that from the opinion. So is there a particular language from the opinion that you think created sort of an impression that that's the way we should analyze this? Well, I think in analyzing the types of processes and methods that are patentable outside the older machine transformation test, you have to look at, for example, the reasons something might not be patentable, which would be that it doesn't... I think what's important here, one of the things that's very important here and very different from a lot of sort of practice and policy business method type of patents, is this is not really a method. It ends up creating an instrument, something at the end there that you can look at and evaluate that records the steps essentially as it goes, and you have an end product because each step has to leave a mark, has to leave a trace. It's something you can evaluate, not just by saying did somebody do this or not do it. But in Luke, the Supreme Court said updating the alarm limit, which was the natural end product of performing the process alone, isn't enough to make it not be an abstract idea. Why isn't this similarly just an insignificant post-solution step? Oh, it can't be. Certainly, whatever this is, it's not an insignificant post-solution step because it's absolutely necessary to every step of the process. Updating the alarm limit in Fluke was clearly the result, that was the purpose of the entire Arenas equation, if I'm remembering the equation right. So why isn't this the same thing? Each step of the way. It isn't just a result. It's the fact that each step of the process has to have that reflection in the physical world. You wind up with something to look at. You wind up with something at the end that tells you exactly what happened. And what you wind up with at the end tells you either that this process has been followed or it has not been followed. When you say what you wind up with, is that the deed share that you're specifically referring to? Well, yeah, when you have a deed share, when you have something that is or is not a deed share as claimed in the patent, it either is a tenant in common deed that's fractionated for a portfolio of real property or a particular part of real property. It's either subject to a master agreement or it's not. And that master agreement to which it's subject, to which that separate deed is subject, either has the re-aggregation provision that controls the deed or it doesn't. So these steps wind up, each step has its record on the way. You don't just have this flashing number in the middle somewhere. What you have on the way is something quite tangible that allows you to say, well, this isn't claiming everybody who ever thought about tenants in common or like-kind exchanges or any of the other concepts that are brought to bear here. This is a particular process that we look forward to demonstrating is not anticipated and certainly wasn't obvious that has particular effects in the rural world, not just for the property and its owners and so forth. And I know effects isn't the test, but it's the process itself. The fact that it is verifiable, it's objective, it leaves a mark, it leaves a trace. And also, unlike some of the other possible patents that have been issued and have met with some skepticism, this is one that necessarily the prior art has got to be written down or else it isn't prior art. Let me just make sure I understand. When you say leaves a mark, leaves a trace, are you referring to anything other than the deed shares that are ultimately produced as a result of this or something else in the steps that you're also referring to? Well, what leaves a mark and leaves a trace can be evaluated afterwards objectively, and so you're not looking at the thought processes. You can't have a mental deed. You can't do it. There is no serious argument that you can do that mentally. So the deed is what you wind up with tangibly at the end. The principal dependent claim involves a continuing payment of rent, which is a process, which is certainly in the real world as well, but that process is separable. It may be included on the deed, but it's separable in the master agreement on the deed, but it's separable from the deed itself. But this gives you something that because you wind up with a necessarily wind up with a record, and each step, each step, this isn't post-solution documentation. This is intrinsic to the process itself. In answer to Judge Proskauer, what you're saying is she said she wanted to be sure, she wanted to determine if there was anything besides the deed share that you wind up with, and you're saying there isn't. That's what you, in terms of something physical, tangible. Something physical, tangible, hold in your hand, yes, the principal dependent claim involves an action, continuing action of paying rent, which is physical and tangible. And it's something that can be evaluated in the real world, so that the principal dependent claim doesn't. You're saying it's the payment of rent and the deed shares. Well, in the independent claim it's the deed shares alone, and in the principal dependent claim there's also this process. So I guess the answer is yes, except for the principal dependent claim, and the other dependent claims are all deed share issues. I'm going to save you a little time. I'd like to save my time, thank you. Ms. Frankel. Good morning. Thank you. May it please the court. In view of counsel's comments, I think I'm just going to jump right into the heart of the issue, unless the court has any questions. Counsel refers, and it seems from the reply brief that really the crux of AML's argument at this point is that these claims are patentable because of this documentation and recording. I'm going to address in a moment why we think that it is improper for them to be making these arguments at this stage, but I want to first talk about them substantively, because I don't think it matters. That is, whether the court allows the issue to be considered or not.  Counsel, I don't believe, was able to point to any section, and we've certainly said that in our papers. Well, but to a certain extent, the issuance of deed shares is in the nature of recording, right? I mean, it's the tangible reflection of what has happened, what you own, et cetera. So it's not a recording to the extent you go down to the recorder's office in Baltimore, Maryland, and file something with respect to real property, but it is in the nature of recording, is it not? Recording in the sense of that in the way that a contract is a recording of what two people thought, the meeting of the minds. I believe that AML is arguing something a step beyond that, though. I believe that their position now is that the deeds must necessarily be recorded in the county clerk's office. In addition, and this really is, I think, most forcefully addressed and addressed in a way of claim construction in their reply only, is the notion that the master agreement would actually be in the deed a part of it that is not a position that they've ever taken before, and it would have a material effect on the case. In fact, we might not have been here if that were taken earlier. Is it your position that the deed share is really no different from a stock certificate or a bond? I realize it represents different kinds of interest, but are you saying basically the deed share is a form of security like a stock certificate or a bond? In the patent, we think it's a deed, a deed to a tenant in common. Oh, I understand, but it's analogous, isn't it? Absolutely. To a stock certificate or a bond in that sense. In the sense that it's a record of what one- It represents an ownership interest. It is not, although I think that one of the objectives of the patent, so it's so stated, is to have an instrument that is representative of an ownership in real property that can actually be tradable like a bond or a stock certificate. I don't know whether really these claims accomplish that, and I don't think that the claims as written do anything to explain how that type of system might work. In fact, I think that would be an example of perhaps how you could take claims like these and get them to the point of being patentable if you had really laid out how a system for trading in real property deeds like you do with bonds and whatnot could be accomplished. And would that be sufficient in your view to withstand scrutiny under 101? It would depend on how it was written out. If it were detailed more like the ultra-mercial claims were, if it had-there's discussion in this patent about database use and applications and whatnot, not in the claims but in the specification, if it had aspects that were going to be carried out- Well, there's some of the claims that refer to a computer, right? Only two, and it says using a computer. Right. I'm happy to address that if you want, but our view is that we briefed it. It really wasn't an issue below, and I think all of the court's precedent makes pretty clear that that level of reference, particularly given the construction that AML proposed and then was agreed upon, won't change the nature of the claim. Let me ask just-this is a little broader question. We know that in Bilski, the Supreme Court said that business methods aren't per se unpatentable. They said that. I think one of the arguments that you make here, or maybe-pardon me if I'm wrong, but I read somewhere is that what we really have here is just sort of a mental process going on. How is-why is any business method not necessarily a mental process of some kind? In other words, you're thinking of the best way to accomplish some business financial objective down the road. Sure. And how do we square the Supreme Court saying that business method patents are not per se- business methods are not per se unpatentable with the proposition that any business method is inherently kind of a thought process? Do you-am I- I believe I understand your question, and I think that the ultra-mercial case actually presents an example of that, whether or not the ultra-mercial claims were well to the right of patentable, or however you view that spectrum. I can't say, but clearly there, there's no question in my mind that that is a method of conducting business, the process of requiring advertisements to be viewed before you allow content to be displayed and all the details that were in those claims. That is both, you know, at an abstract level would be a transaction, and it's certainly a business method in my mind, and it was found to be patentable because of the level of detail in the claims, you know, much more than you see here, much more than- Is there also the case where there was a reference to a complex machinery being- Oh, absolutely. Well, yes. And that's a little-that makes it a little bit different, I think. Well, I think that this court has now fairly clearly said, well, at least once, and it certainly seems to be treating different patents differently based on the nature of the subject matter. And I think that the Supreme Court's Bilski decision, for better or worse, does provide some indication that that is not an inappropriate approach. The class- Ms. Frankel, some of our cases apply in discerning whether or not there's an abstract idea, this notion of whether a field is preempted. In other words, you reject something as being abstract because it preempts an entire field. Right. We're not talking in this case about preempting an entire field, are we? I think that there are elements of preemption here that are substantial. You know, if we look at the claim, what we're basically talking about is acquiring property, dividing ownership of it between at least two parties, that's tenant and common ownership, in a particular amount, and then the parties have an agreement that governs their ownership. Well, that's fairly general from my perspective. There's only one requirement in the independent claims about the agreement. But clearly these claims are drawn not to the entire real estate investment firm. The whole point of these claims, and it's clear, is that what they're drawn to is for circumstances that will allow them to invoke the tax benefits of 1031 or whatever that tax code provision is. So it's not, it's limited to a particular area. It doesn't encompass all real estate transactions, right? That's one benefit, but I think that the point, according to the patent and the applicants, of this structure is that it is usable for an exchange. That's why they do it. You mean that that was, you know, one of the driving forces for it? I don't think that because there is some limitation to a particular industry or a field or even an agreement term, that that means that it's not preempted. I don't think that this Court or the Supreme Court's precedents stand for that principle. If you look at Bill's claim... What is the field then? How broadly would you construe the field that is preempted by this claim? The way that I construe the field, I mean, you actually, that's a good point because you can look at it a lot of different ways, and I think that's true for Bilski. I think it was true for Kamisky. The way that I view this in terms of, you know, what is really the field that is taken up is having ownership of the property as tenants in common, subject to a particular agreement between you. I mean, that seems to me to be the field here. I think that there are other reasons why it's abstract, you know, that preemption is not the only argument. I want to make sure that that's clear. But I think that preemption is an issue, and I think if you look at, like, for instance, Bilski, that set of claims was consistently referred to as a method for hedging risk. It was also referred to as a method for hedging risk in energy markets. But the claims had quite a number of details as I read them. You know, there were multiple transactions going on, and I think surely it would have been documented otherwise. Where is your proof that you're going to bind the other party to the price that you wanted, right? So I think Your Honor mentioned that earlier. I'm sorry? You're talking about Bilski now. Bilski, right, which was still considered to be the method for hedging risk. What I'm saying is that the court looks at what's the overall subject matter, and notwithstanding that there were many specific details in the claims about how the transactions would be carried out in Bilski. So I think this case is less specific than the Bilski claims were, is really my point there. Ms. Frankel, when you began, I think I may have misunderstood. I think you made some short reference to later on you'll get to the question of whether or not they can even be raising this stuff here or whatever. Do you want to address that before your time runs out? Sure. Thank you. So basically, AML below, not surprisingly, took very broad approaches to interpreting its claims. They never made arguments that the claims required a recording step. They never said anything about the master agreement needing to be within the deed share. And indeed, like I mentioned earlier, it would have changed. But aren't we fairly in a little bit of a different territory? As Judge Moore alluded to earlier, I mean, the district court here, that whole proceeding was done based on maybe this court's initial decision in Bilski, but before the Supreme Court's addressing of Bilski. So under these circumstances, isn't it quite appropriate to leave a little leeway in terms of refining arguments based on the intervening decision in Bilski? No. Here's why. And like I said, I think that the outcome is the same either way. So if the court decides it's going to allow them to assert those positions, I think that the patent is still not eligible. However, we are prejudiced by their raising these positions at this point, not on these issues, because I don't think it makes a difference, but on all the other issues in the case. There was litigation over almost a two-year period of time before we got to this point. Expert discovery, we had huge expert reports on infringement, on invalidity, 102, 103, all based on the position that they took during claim construction. Almost every term from this patent was construed during claim construction. They never raised these issues then. And issues of 101 and 102, 103 and infringement, obviously, those were in the case. They never argued any term-required recording. Just for an example of the nature of the constructions that they were putting forward, the master agreement was a collection of one or more agreements controlling and affecting the real estate. Nothing more specific than that. I certainly didn't say anything about having to be as part of the deed share or in the deed. Their accusations of infringement during the case, both in interrogatory responses and also in the expert discovery, don't even mention deeds. That's not an element that they are apparently needing to prove for infringement. So there was no way for us to know that this was a critical element. It's certainly not apparent on the face. And then at the district court level, to the point that you raised about whether or not the decision in Supreme Court's Bilski decision changed things, at summary judgment below, they made the argument that the deed shares were tangible because they were printed and you could hold them in your hands. So it seems to me that if that was the nature of argument that they wanted to make, that they should have also made the point about recording and all these other issues because had they done so at that time, then what would have come out on briefing and reply was all of the positions that they had taken for the past year and a half that were contrary to that type of narrowing interpretation. And for that reason, I think it would not be fair from an equitable perspective to really allow them to go down this road. Certainly, I want to make sure that there's no question that we do not agree with it and it really wasn't given an opportunity to have been addressed. If the court doesn't have any further questions, there were a couple of issues that I just wanted to quickly address. I think that the questions of my colleague got to one of the issues, which is how do you know whether or not a claim is sufficiently specific in its application to take it outside the realm of abstract? And I will absolutely acknowledge and I would be the first to say that that is not always an easy analysis to make, but I think that this Court's cases and the Bilski case provide all that is needed to resolve the issues here in terms of showing how it's the details of the claims, both their extent and their nature, that really ultimately will help you draw that line. So, for instance, with Bilski, we talked about some of the details, transactions, the parties with specific characteristics and all of that. I don't need to tell you what you already know there, but I think the ultra-mercial case is a good example of the other way, where there was sufficient detail and these claims don't have that level of detail. Thank you very much. Mr. Falk, you have a few minutes left. Thank you. I think these arguments all prove too much. Just to get it out of the way, the reason claim construction wasn't contested on this issue was of course this issue wasn't contested. This was an infringement case. They knew what they were doing. They knew. They were part of the original on the patent. Their partners were part of the original patent. They knew you can't do a deed without writing it down. None of this was an issue. When the claim construction was heard long before, the invalidity was challenged beyond the reference to 101 in the complaint. That came only after the close of discovery,  and so of course that wasn't an issue. But the claims construction issues here are matters of common sense and common knowledge and I think can be construed in that light in this court or remanded if the court prefers to do that. The substantive arguments prove far too much. As the Supreme Court said, some business methods may be patentable, and this is exactly the type of patent, the type of process that comes that satisfies Section 101 without necessarily satisfying the senior transformation, and that is because you have the necessity of physical performance and of physical evidence of that performance that give you something to hold onto when you're evaluating whether it's happened, what's happened, how it happened, and it certainly cannot be done in the mind. All the documentation, all the physical aspects are necessary to the performance of the patent. And as to what the deed has to say, the master agreement itself has to be recorded because it's encumbering the real property, so that has to be written down and recorded somewhere, and the deed, of course, has to reference that, so there are two separate steps. It's not like you have to have the master agreement attached to the deed, but one has to be recorded, the other has to be recorded in order to be encumbered by it. So there's no new position here. It's what the patent says. And then again on the argument about preemption, I'd just conclude that this preempts no more than any... every patent preempts a little bit of something, a little piece of the field here. This preempts no more than that, and it's exactly what the Patent Act is designed to do, allow you to preempt a little corner of the field, let other people innovate other ways, but not this way. Thank you. Thank you. Thank you both counsel. The case is submitted. All rise.